R. C. CAMERON V. THE STATE.

No. 16421.   Delivered February 21, 1934.
Reported in 68 S. W. (2d) 499.

The opinion states the case.

*R. C. Cameron,* in pro per.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is passing a forged instrument; the punishment, confinement in the penitentiary for six years.

The indictment embraced two counts, one charging appellant with knowingly and fraudulently passing as true a forged instrument in writing, and the other averring that he attempted to pass the forged instrument described therein.  The charge of the court defined forgery and advised the jury to convict appellant if they beleived beyond a reasonable doubt that, with intent to defraud and without lawful authority, he falsely made the instrument in writing described in the indictment.  The jury were instructed that the penalty for forgery was not less than two nor more than seven years.  Nowhere in the charge was the law applicable to passing forged instruments submitted to the jury.  The verdict of the jury recited that appellant was

found guilty as charged, and that his punishment was assessed at a term of six years confinement in the penitentiary. The judgment of the court recited that appellant was guilty of the offense of passing a forged instrument, and condemned him to confinement in the penitentiary for a term of six years. The sentence followed the judgment.

Appellant was not represented by counsel. He filed a motion for a new trial over his own signature setting up, in effect, that, notwithstanding the indictment charged him with passing a forged instrument, the charge of the court submitted the law of forgery. Manifestly the motion for a new trial should have been granted. Under the charge embraced in the indictment, the jury were not warranted in assessing a punishment in excess of five years. The punishment for passing or attempting to pass a forged instrument is not less than two nor more than five years confinement in the penitentiary. Article 996, P. C. As pointed out, the punishment assessed by the jury was six years. In submitting an offense not embraced in the indictment, the trial court committed an error which resulted in the assessment of a penalty not authorized by the statute denouncing the offenses of passing or attempting to pass forged instruments.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.